**United States District Court**
For the Northern District of California

1

2          **NOT FOR CITATION**

3          UNITED STATES DISTRICT COURT

4          NORTHERN DISTRICT OF CALIFORNIA

5

6

7   ZIAD SHUMAN, an individual,

8          Plaintiff,                                    No. C 05-3644 PJH

9          v.                                            **ORDER GRANTING
                                                         MOTION TO REMAND**
10  AMERICAN HOME ASSURANCE
    COMPANY, KIMBALL IGLEHEART,
11  an individual, and DOES 1 through 50,

12         Defendants.
                                                    /
13

14         Before this court is plaintiff's motion to remand this matter to San Francisco County

15  Superior Court.  Having carefully read the parties' papers and considered the relevant legal

16  authority, the court hereby rules as follows.[1]

17                              **BACKGROUND**

18         This is a wrongful termination case.  Plaintiff, Ziad Shuman ("Shuman"), asserts that

19  defendant American Home Assurance Co. ("American Home") and another of American

20  Home's employees, defendant Kimball Igleheart ("Igleheart"), wrongfully terminated plaintiff's

21  employment in April 2005.  Specifically, Shuman asserts that he was improperly terminated

22  when he informed American Home about the inappropriate conduct undertaken by one of his

23  co-employees in violation of company policy.  In addition, Shuman asserts that defendant

24  Igleheart improperly directed racial slurs towards him.

25

26         [1]    This court finds the motion appropriate for decision without further oral argument,
27  as permitted by Civil L.R. 7-1(b) and Fed. R. Civ. P. 78.  See also Lake at Las Vegas Investors
    Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991) (holding that the
    court's consideration of the moving and opposition papers is deemed an adequate substitute for
28  a formal hearing), cert. denied, 503 U.S. 920 (1992).  Accordingly, the November 23, 2005
    hearing date is VACATED.

**United States District Court**

For the Northern District of California

1     Shuman filed the instant complaint on July 29, 2005, in California Superior Court for the

2 County of San Francisco.  The complaint alleges three causes of action.  First, Shuman

3 alleges a breach of an oral employment contract claim against American Home.  Second,

4 Shuman alleges wrongful termination against both American Home and Igleheart.  Finally,

5 Shuman alleges Intentional Infliction of Emotional Distress against both American Home and

6 Igleheart.

7     Defendant American Home filed a notice of removal, alleging diversity jurisdiction, on

8 September 9, 2005.  Defendant Igeleheart joined in the removal on September 12, 2005.

9     Shuman now seeks an order remanding the case back to state court, on grounds that

10 complete diversity jurisdiction does not exist, as Igleheart is a fellow California resident.

11 Defendants oppose the motion, and assert that Igleheart's citizenship may be disregarded, as

12 he has been fraudulently joined as a defendant.

13     For the reasons that follow, plaintiff's motion to remand must be granted.

14 **DISCUSSION**

15     A.    Legal Standard

16     Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete

17 diversity of citizenship and an amount in controversy in excess of $75,000.  Generally

18 speaking, if a defendant has improperly removed a case over which the federal court lacks

19 diversity jurisdiction, the federal court shall remand the case to state court.  28 U.S.C. §

20 1447(c); see also Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996)

21 (strong presumption in favor of remand).

22     Notwithstanding the requirement of complete diversity, however, an otherwise non-

23 diverse party's citizenship may be disregarded if a defendant can demonstrate that the non-

24 diverse party was "fraudulently joined."  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067

25 (9th Cir. 2001).  Joinder of a non-diverse defendant is deemed fraudulent "[i]f the plaintiff fails

26 to state a cause of action against a resident defendant, and the failure is obvious according to

27 the settled rules of the state." Id. (citing McCabe v. General Foods Corp., 811 F.2d 1336,

28

**United States District Court**

For the Northern District of California

1   1339 (9th Cir.1987).  This is a lenient standard, which does not even rise to the level of a

2   motion to dismiss.  See e.g., Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005,

3   1008 (N.D. Cal. 2001) (fraudulent joinder claim must be denied "when there is any possibility

4   that a plaintiff may prevail on the cause of action against the in-state defendant") (citations

5   omitted).

6          There is a presumption against a finding of fraudulent joinder, and the defendant bears

7   a heavy burden of proof.  Plute, 141 F. Supp. 2d at 1008 (citing Nishimoto v. Federman-

8   Bachrach & Assoc., 903 F.2d 709, 712 n. 3 (9th Cir. 1990) and Emrich v. Touche Ross & Co.,

9   846 F.2d 1190, 1195 (9th Cir. 1988)).  The court must resolve all disputed questions of fact,

10  ambiguous questions of state law, and ambiguous pleadings in the plaintiff's favor.  Plute, 141

11  F. Supp. 2d at 1008 (citations omitted).

12         B.     Legal Analysis

13         Neither party disputes that, on the face of plaintiff's complaint, plaintiff Shuman has

14  alleged two causes of action against a fellow California resident, defendant Igleheart.

15  Accordingly, the only issue to be resolved is whether, under the standard enunciated above,

16  Shuman has asserted any viable cause of action against Igleheart, thereby destroying

17  diversity and requiring remand.

18         Specifically, the issue is whether Shuman has asserted a viable cause of action for (1)

19  wrongful termination in violation of public policy; or (2) intentional infliction of emotional

20  distress.

21                 1.     Wrongful Termination in Violation of Public Policy

22         Defendants assert that California law prohibits Shuman from asserting any wrongful

23  termination claim against defendant Igleheart, a fellow American Home employee, and

24  Shuman's supervisor.  Defendants are correct.

25         It is well-established that "as a matter of law, only an employer can be liable for the tort

26  of wrongful discharge in violation of public policy."  Khajavi v. Feather River Anesthesia Med.

27  Group, 84 Cal.  App. 4th 32, 53 (2000).  Accordingly, no claim can be maintained against any

28

**United States District Court**

For the Northern District of California

1   individual supervisory employees who are responsible for the employer's discharge of the

2   plaintiff.  See Reno v. Baird, 18 Cal. 4th 640, 663 (1998).

3          Shuman argues that his claim should stand because it is asserted against Igleheart in

4   his personal capacity, but this is to no avail.  The prohibition against suits as to supervisors for

5   wrongful termination is well-settled.  Shuman may be confusing his argument with the fact that

6   under California's FEHA statute, a supervisor *can* personally be sued and held liable for

7   harassment of another employee.  See Cal. Gov't. Code §12940(j)(3).  This does not apply

8   here, however:  Shuman has alleged no FEHA claim, and wrongful termination is not

9   equivalent to a claim for harassment in any event.

10          Accordingly, if the fraudulent joinder analysis depended on this claim alone, defendant

11  Igleheart would be considered fraudulently joined.

12                  2.      Intentional Infliction of Emotional Distress

13         Defendants also contend that Shuman is prohibited from asserting any cause of action

14  against Igleheart for intentional infliction of emotional distress ("IIED").  Contrary to their

15  success with the above argument, however, defendants here are wrong.

16         Shuman's claim for intentional infliction of emotional distress alleges:  that Igleheart

17  "repeatedly made racial slurs directed at Plaintiff based upon his Arab ancestry, calling him

18  names such as "Fucking Arab" and "Fucking Carpet Salesman," which slurs "caused, and

19  were intended by [Igleheart] to cause, Plaintiff's emotional distress."  See Complaint at ¶ 31.

20         As Shuman points out in his reply, racial epithets have been found to be sufficient to

21  substantiate claims for intentional infliction of emotional distress, under California law in

22  certain circumstances.  See, e.g., Alcorn v. Anbro Engineering, Inc., 2 Cal. 3d 493 (1970).

23  Notably, in Alcorn, plaintiff was held to state an IIED cause of action against his supervisor, as

24  well as his employer, based on racially discriminatory statements made by plaintiff's

25  supervisor.  This is identical to what Shuman alleges against Igleheart here.  While true that

26  the extent of defendant Igleheart's remarks and their effect on Shuman is a matter that

27  ultimately must be resolved prior to Shuman's success on the merits, the allegations are

28

4

United States District Court

For the Northern District of California

1    sufficient to indicate, at a minimum, the possibility of recovery against Igleheart for an IIED

2    claim.  That is all that is required here.

3           Moreover, defendants' attempts to argue around this result fail.  First, defendants

4    misplace their reliance on case law that purportedly supports an argument that IIED claims

5    cannot be premised on remarks such as those alleged by Shuman.  While the cases cited by

6    defendants support the general proposition that name-calling or "mere insults, indignity" and

7    annoyances at work do not support recovery for IIED claims, none of the cases deal with the

8    specific arena of racially discriminatory remarks.  See, e.g., Yurick v. Superior Court, 209 Cal.

9    App. 3d 1116, 1123-29 (1989) (discriminatory epithets directed to plaintiff included "senile"

10   and "liar").  In this specific area, California law has recognized, as indicated above in Alcorn,

11   that under certain circumstances, these types of remarks can support a claim for IIED.

12          Second, defendants' argument that Shuman's IIED claim against Igleheart does not

13   arise out of the same transaction or occurrence as the claims against American Home is

14   similarly unpersuasive.  To begin with, defendants' support for this proposition is slim, and

15   they cite only out of state authority, and one California central district case, to argue their point.

16   Moreover, Shuman's wrongful termination claim against American Home includes allegations

17   of Igleheart's discriminatory remarks, and alleges wrongful termination on the basis of the

18   ethnic animus reflected in those discriminatory remarks.  See Complaint at ¶ 25.  Accordingly,

19   Shuman's wrongful termination claim as to American Home necessarily includes

20   consideration of Igleheart's discriminatory remarks, and as a result, those discriminatory

21   remarks support simultaneous consideration of the IIED claim against Igleheart.

22          In conclusion, Shuman has alleged, at a minimum, the possibility of recovery regarding

23   his IIED claim against defendant Igleheart, and for that same reason, Igleheart cannot be

24   deemed a "sham" defendant who has been fraudulently joined.  As such, Igleheart's

25   citizenship must be taken into account, and as a California resident, diversity is destroyed.

26

27

28

**United States District Court**

For the Northern District of California

1    Accordingly, plaintiff's motion to remand is GRANTED.[2]

2

3    **IT IS SO ORDERED.**

4    Dated: November 21, 2005

5    _____
     PHYLLIS J. HAMILTON
6    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26       [2]    On September 13, 2005, defendant Igleheart filed a motion to dismiss Shuman's
     complaint as to him (the motion was later amended on September 27).  However, since the court
27   deems remand appropriate here, and out of deference to the authority of the underlying state
     court, the court declines to consider the merits of Igleheart's motion to dismiss.
28